ORIGINAL

UNITED STATES DISTRICT COURT FOR

THE NORTHERN DISTRICT OF TEXAS

FORT WORTH DIVISION

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION

2016 SEP -7 PM 2: 59

CLERK OF COURT

| | |
|---|---|
| ISAIAH SMITH, | ) |
| **Plaintiff,** | ) |
| vs. | ) |
| TARRANT COUNTY COLLEGE | ) |
| DISTRICT, | ) |
| EUGENE GIOVANNINI, in his individual | ) |
| and official capacity, | ) |
| ANGELA ROBINSON, in her individual and | ) |
| official capacity, | ) |
| STEPHEN MADISON, in his individual and | ) |
| official capacity, | ) |
| KEITH WHETSTONE, in his individual and | ) |
| official capacity, | ) |
| ADRIAN RODRIGUEZ, in his individual and | ) |
| official capacity, | ) |
| MAYRA OLIVERES-URUETA, in her | ) |
| individual and official capacity, | ) |

4216CV- 832 - A

CIVIL ACTION NO._____

(COMPLAINT)

COMPLAINT

JEROME ALBRITTON, in his individual and ）
official capacity, ）

ISAIAH SMITH v. TARRANT COUNTY COLLEGE DISTRICT ET AL

SHAMIKA DENSON, in her individual and )
official capacity, )
MARK EVANS, in his individual and official )
capacity. )
          **Defendants.** )
)

_____

I.

## Introduction

COMES NOW ISAIAH SMITH, and files this First Original Complaint against Defendants
TARRANT COUNTY COLLEGE DISITRICT ᴀᴅᴅᴀ, EUGENE GIOVANNINI, in his
individual and official capacity, ANGELA ROBINSON, in her individual and official capacity,
STEPHEN MADISON, in his individual and official capacity, KEITH WHETSTONE, in his
individual and official capacity, ADRIAN RODRIGUEZ, in his individual and official capacity,
MAYRA OLIVERES-URUETA, in her individual and official capacity, JEROME
ALBRITTON, in his individual and official capacity, and SHAMIKA DENSON, in her
individual and official capacity, and MARK EVANS, in his individual and official capacity,
alleges that said defendants violated the Plaintiff's rights as secured by the Constitution of the
United States of America and by the laws of the State of Texas. The Plaintiff would respectfully
show the court as follows:

I.

## Parties

1. Plaintiff Isaiah Smith is a citizen of the United States of America who resides in the State
   of Texas. His address is P.O Box #163411, Fort Worth, Texas, 76161. Mr. Smith is 21
   years old and is a student at Tarrant County College. Plaintiff Isaiah Smith was subjected
   to numerous intrusive and harassing investigations for engaging in lawful activities and

through and by the actions and the conduct as to the defendants, the Plaintiff has suffered and continues to suffer to this day a loss of liberty, property and not being able to be treated equally and lawfully by college officials.

2.  Defendant Tarrant County College District is a public educational institution of higher education that conducts business in Tarrant County of the State of Texas. The District, which is also known as "TCCD" receives federal financial assistance. Tarrant County College District is a comprehensive two year public college institution that was established in 1965 by the voters of Tarrant County as to serving the public. The public college district has 6 campuses which are the Northeast Campus, Northwest Campus, South Campus, Southeast Campus, Southeast Campus, Trinity River Campus and the TCC Connect Campus. The defendant may be served by and through there General Counsel Ms. Angela Robinson at 1500 Houston Street, Fort Worth, Texas 76102. **See Exhibit 1**.

3.  Defendant Eugene Giovannini is the Chancellor of Tarrant County College District. Defendant Eugene Giovannini, under his authority, through and pursuant to his authority, the Plaintiff continues to the date of to this complaint a denial as to his liberty, property, and has not had any of his student record cleared as to unconstitutional actions and conduct that the defendants have engaged in. Defendant Eugene Giovannini is sued in his individual and official capacities.

4.  Defendant Angela Robinson was the acting Chancellor of Tarrant County College District while the Plaintiff was a student at Tarrant County College District.  Currently she is the Vice Chancellor for Administration and General Counsel for Tarrant County College District. She resides in Tarrant County. Defendant Angela Robinson is sued both in her individual and official capacities.

5. Defendant Stephen Madison is the President of the Trinity River Campus of Tarrant County College District. Stephen Madison resides at 10 Auburn Drive, Fort Worth, Texas, 76134. Said individual is sued both in his individual and official capacities.

6. Defendant Keith Whetstone is the Public Information Officer of Tarrant County College District. Said individual is sued both in his individual and official capacities.

7. Defendant Adrian Rodriguz is the Vice President for Student Development Services at the Trinity River Campus of Tarrant County College District. Said individual is sued both in his individual and official capacities.

8. Defendant Kateeka Harris is the Coordinator of Student Support and Student Development Services at the Trinity River Campus of Tarrant County College District. Said individual is sued both in her individual and official capacities.

9. Defendant Mayra Olivares-Urueta is the Director of Student Development Services of the Trinity River Campus of Tarrant County College District. Said individual is sued both in her individual and official capacities.

10. Defendant Jerome Albritton is the supervisor of police officials at the Trinity River Campus of Tarrant County College District. He has been employed and commissioned by Tarrant County College District pursuant to the Texas Education Code § 51.203. Defendant Jerome Albritton is sued both in his individual and official capacities.

11. Defendant Shamika Denson is a peace officer employed and commissioned by Tarrant County College District pursuant to the Texas Education Code § 51.203. Defendant Shamika Denson is sued both in her individual and official capacities.

12. Defendant Mark Evans is a professor that is employed by Tarrant County College District. Defendant Mark Evans is sued in his individual and official capacities.

II.

## JURISDICTION & VENUE

13. This is a civil rights action that raises federal questions under the First and the Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983.

14. This court has jurisdiction to hear this Complaint pursuant to 28 U.S.C § 1311, 1343, 1367, 2201, 2002, and 42 U.S.C. § § 1983 and 1988;

15. This venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because at least one defendant resides within the boundaries of the Northern District of Texas and all defendants are residents of the State of Texas; and pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the Plaintiffs' claims occurred in this judicial district.

16. This Court has supplemental jurisdiction and or pendent jurisdiction to hear the related claims as to the State law of Texas arising from the same facts pursuant to 28 U.S.C. § 1367.

III.

## FACTS

17. Tarrant County College District is a public educational institution of higher education that has been organized and exists under the laws of the State of Texas and was created by the voters of Tarrant County in 1965 to serve members of the public.

18. At the time as to the allegations that are listed in this complaint against the Defendants, Plaintiff Isaiah Smith attended the Trinity River Campus of Tarrant County College District and is currently a student at the public college district of higher education. Specifically the address for the Trinity River Campus of Tarrant County College District is at: 300 Trinity Campus Cir, Fort Worth, TX 76102.

19. When Plaintiff Isaiah Smith first started to be a student at the Trinity River Campus of Tarrant County College District, Mr. Smith was introduced to Defendant Mark Evans, a

Professor of Psychology, by Ms. Patricia Yasmin Crenshaw. The address of Ms. Patricia Yasmin Crenshaw can be found on an Exhibit attachment in which was a "later" conversation between Mr. Smith and an Assistant District Attorney with the Tarrant County District Attorney's Office. **See Exhibit 2**.

20. While at the Trinity River Campus of Tarrant County College District, Plaintiff Smith was a student while being homeless as to living on the streets. Due to the concern that an college official had towards the Plaintiff in this case, Defendant Mark Evans started befriending Mr. Smith by helping him eat and discussing alternative living solutions for him, in which included him being given access to the public college district at night time as for the purpose as to resting while he was a student.

21. On or around the Number 20st, 2015 date, Defendant Mark Evans began discussing with the plaintiff about sleeping on campus in which the Defendant began to discuss with the Plaintiff that he would be given permission to do so only if Mr. Smith did not and could not find a place to sleep at nighttime. Specifically Mr. Mark Evans told Mr. Smith that he would be able to give him his school key and his ID badge that would allow him to have access to the building preferably at night time.

22. On November 20th, 2015 the Defendant Mark Evans sent Plaintiff Smith an email. **See Exhibit 3**. Defendant Evans stated "Hey Isaiah, Come by the office before noon today. Ask for Mrs. Ernie, she has an envelope for you." Plaintiff Smith sent Defendant Evans a reply email. **See Exhibit 4**. Plaintiff Smith stated, "Mr. Evans, Thank you for your message. I received it this morning. I made sure that I have followed your instructions on getting the envelope. :)."

23. The same day on or around 6;30 p.m Defendant Mark Evans sent Plaintiff Smith a reply email. **See Exhibit 5**. Defendant Evans stated "Are you ok? I think we have some things set up. Please goto this sight and put in your information. http://www.achservices.org/# Write me back if you do not have a place tonight. Sent from Yahoo Mail on Android."

24. The same day on or around 8 to 9;52 at night, Plaintiff Smith sent Mr. Mark Evans an email. **See Exhibit 6**. Mr. Smith stated in his email to Defendant Mark Evans that, "Mr. Evans, and just to let you know, I am on the 5th floor of the TCCD building in the study rooms. :) I tried to call you on the school phone a couple of minutes ago." Specifically Mr. Smith was going to communicate with Defendant Evans about sleeping on the college campus at night time per the approval of Defendant Evans.

25. On November 20th, 2016 Mr. Mark Evans sent Mr. Smith a reply email. **See Exhibit 7**. Defendant Evans stated, "You still there?" due to the fact that he already gave Mr. Smith his permission to sleep on campus at nighttime and wanted to help Mr. Smith with that regards on that date.

26. On November 21st, 2015 the Plaintiff on November 21st, 2015 sent Defendant Evans a reply email in which he specifically stated, "Hey Mr. Evans, Today I am at the college campus. I was wondering if you think that I could do it today instead? The campus closes at 5:00 p.m today. Sorry for missing your email yesterday. I am extremely thankful for the taco bell card. :)." **See Exhibit 8**. As noted in the email that Mr. Smith sent to Mr. Mark Evans, it was clearly in regards to sleeping on college campus with the permission of Mr. Mark Evans, a public college district official.

27. On Thanksgiving Day the Plaintiff was on the 5th floor in the facility office area that Defendant Mark Evans gave him permission and access to under, by and through his authority. On Thanksgiving Day Defendant Mark Evans came to the campus and bought Plaintiff Smith a thanksgiving meal and had chats with him at the campus. Thanksgiving Day was on November 26th in 2015.

28. On November 26th, 2015 prior to Defendant Mark Evans meeting Mr. Smith on campus, Defendant Evans sent the Plaintiff an email. **See Exhibit 9**. Specifically in Defendant Evans' email to Mr. Smith, Defendant Evans stated, "Hey big guy, Call me in the morning when you get this. I want to make sure you have something to eat on

Thanksgiving day." Defendant Evans went to the Trinity River Campus of Tarrant County College District on the 5th floor and gave Mr. Smith a thanksgiving meal in a huddle room under his authority.

29. Plaintiff Isaiah Smith remembers that Officer Abu Baba opened the door to the bug room in which the professor's offices were located in and that Officer Abu Baba was working that day when the campus was closed. As noted, Defendant Evans gave Mr. Smith his personal kept and his badge, which is why Officer Abu Baba, a peace officer employed and commissioned by Tarrant County College District pursuant to the Texas Education Code § 51.203, had to let Defendant Mark Evans into the room and was on duty that day.

30. A few days later when Mr. Smith was caught in a huddle room at night time by peace officers of Tarrant County College District, they forced Mr. Smith into a police department officer and forced Mr. Smith to sign a confession under duress. Mr. Smith stated to the officials that he had permission from Defendant Mark Evans on campus and that he did have emails as to helping prove his allegations. Officials then escorted Plaintiff Smith out of the building.

31. The next day officials with Tarrant County College District confronted Mr. Mark Evans as to that issue, however the Plaintiff soon found out that Defendant Evans denied the allegations that he had given Mr. Smith permission to stay on camps overnight.

32. When officials with the administration of Tarrant County College District were investigating the assertions, they did not address that issue with the Plaintiff and they did not charge Mr. Smith with being on campus overnight.

33. However soon thereafter Mr. Smith was prosecuted by officials with Tarrant County College District at a December 14th, 2015 disciplinary hearing as to Mr. Smith being on campus. However per the December 14th, 2015 disciplinary hearing, Mr. Smith was not given any notice by officials that he would be prosecuted for being on campus overnight and Mr. Smith had no way as to properly preparing for any rebuttals or any type of

defense for himself to use. By surprisingly adding a charge against Mr. Smith at his disciplinary hearing without given him a notice of the charge, an explanation or a disclosure as to the evidence that official had against him violated the procedural due process rights of the Plaintiff as secured by the Constitution of the United States.

34. When verbally Ms. Kateeka Harris to him being able to obtain copies of the evidence that the school had as to prosecuting me, Ms. Harris responded by telling Mr. Smith that they will not release to me my requested documents due to it being confidential records.

35. Plaintiff Smith at the December 14th, 2015 disciplinary board hearing had no way as to properly being able to defend himself since school officials did not, prior to his disciplinary hearing, notify him as to all of the charges that were being brought against, him, disclosing or explaining to Plaintiff Smith the evidence behind the charges and was not given an opportunity to contest the evidence at the disciplinary board hearing. Such contact and actions deprived the Plaintiff of his procedural due process rights. Such actions and conduct by officials with Tarrant County College District violated the minimal requirements that the United States Supreme Court established in Goss v. Lopez (1975), such as being given an explanation of the evidence the authorities have and had, being given a notice as to all of the charges that officials with Tarrant County College District would use again him through prosecution at the disciplinary board hearing.

36. Nevertheless when the Plaintiff went late to the disciplinary board hearing, the Plaintiff was prevented from speak to the board and that also violated a minimal requirement that the United States Supreme Court listed in Goss v. Lopez (1975). Even if the Plaintiff was on time at the disciplinary board hearing, he would have still not been able to properly prepare for a defense due to the deprivation of the rights that school officials were engaged in against Mr. Smith.

37. When the Plaintiff was prevented as to going to the disciplinary board hearing, Plaintiff Smith noted that the board was not impartial in which he knew some of the individuals on the board.

38. A copy of the December 14th, 2015 disciplinary board hearing can been seen in **Electronic Exhibit 1**.

39. Plaintiff Isaiah Smith was disgusted as to the way in which Tarrant County College District was hanging his disciplinary case so he appealed to the Campus President, Defendant Sean Madison. In the Plaintiff's letter that was sent to the Campus President, Plaintiff Smith stated in this letter that, "This letter is being sent to you regarding a past disciplinary hearing place in December of 2015 regarding me. The reason that I am requesting an appeal of the decision is that the disciplinary board was not impartial in that multiple members of the board knew me personally. I have a right as a student to have an impartial disciplinary board hear my case." Plaintiff Smith also stated in his letter that, "Another reason why I am requesting a new board hearing is because Ms. Kateeka Harris presented the panel with a new charge that I was never informed about. I was not able to properly prepare for an effective defense due to myself not having a new charge that was presented to the board at the last minute. As a student at a public educational institution I have a right to be made aware of in advance as to all of the charges that have been filed against me. That was not the case in the last disciplinary hearing that I had." **See Exhibit 10**.

40. Plaintiff Isaiah Smith appealed the results as to his December 14th, 2015 disciplinary hearing to the Campus President, Defendant. Stephen Madison, however the Campus President of the Trinity River Campus of Tarrant County College District ignored the Plaintiff's written appeal request and thus violated Mr. Smith due process rights when the school by policy allowed students to appeal any disciplinary decision and sanctions to the Campus President.

41. In a lot of instances as Plaintiff Isaiah Smith was a student at the Trinity River Campus at Tarrant County College District, Mr. Smith was subjected to intrusive and harassing investigations as to constitutional and lawful activities that he was, had and was attempting to engage in at Tarrant County College District with other students.

42. As a student and as a citizen of the United States of America and of the State of Texas, Plaintiff Isaiah Smith wanted to be treated the same as other students and wanted to fully and freely engage in freedom of speech, association and expression without the fear as to being persecuted as for his personal "political" beliefs by officials with Tarrant County College District.

43. Plaintiff Smith is a very social individual with other students and regularly engaged in verbal conversations with students at his college campus that was of public concern. In some instances Mr. Smith walked up to students and told them that they should be on "America's next top model" in a friendly, respectful and in an appropriate manner for instance. The majority of the students loved Mr. Smith's joyful conduct.

44. Despite the joyful nature of Mr. Smith with other students, officials with Tarrant County College District began to subject Mr. Smith to intrusive and harassing investigations in which the Defendants were using vague and overboard rules as to their persecution of Mr. Smith as for his conduct and beliefs that were of public concern.

45. Tarrant County College District and its officials have been involved in intrusive and harassing investigation against Plaintiff Smith by serving him administrative summons to appear before Ms. Kateeka Harris, the Coordinator of Student Development Services, as to potential violations of the TCCD Student Code of conduct. A true and accurate copy of the TCCD student code of conduct when Mr. Smith was an active student can be seen in **Exhibit 11**.

46. Even if the Defendants have changed unconstitutional policies and practices that Tarrant County College District and it's officials have engaged in, to this day the Plaintiff's

student record has not been cleared and he has suffered and continues to suffer to this day a deprivation as to his liberty, property and a deprivation as to himself engaging in and attempting to engage in constitutionally protected speech and expressive activities.

47. Plaintiff Smith has been subjected to other harassing and intrusive investigation based on baseless complaints made by other students against him that have no legal merit and do not meet any legal definitions as to their complaint against Plaintiff Smith. A copy of complaints that students made against Mr. Isaiah Smith can be seen in **Exhibit 12**.

48. For instance as to a frivolous complaint that was filed against Plaintiff Smith, a student "contracted" worked with Tarrant County College District, reported the Plaintiff to school officials for "scholastic Dishonesty" for asking "a series of questions that have no relevance to the purpose of his visit on most occasions. On Monday, November 9th, he called to ask a number of things and a few minutes later he physically came into the office to ask where he can receive a permit to express his 2nd, amendment, that being, to burn the I.S.I.S flag on the public sidewalk in front of the campus with a group of students. We then directed him to the Police Department because that was not in our jurisdiction." **See Exhibit 13**.

49. To this date as to this complaint there have been no complaints that any student has filed against Mr. Smith, at the Trinity River Campus, that had any legal merit. For instance some of the "student workers" complaint to school officials that Plaintiff Smith was "harassing" them by Mr. Smith asking them questions as to the proper procedures as to himself engaging in freedom of speech activities. However harassment in the educational context has to be conduct that is so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities. See Davis v. Monroe County Board of Education, 526 U.S. 629, 652 (1999). None of the harassment assertions or any of the complaints that an student

workers made against Mr. Isaiah Smith met that legal definition or any legal definition as to unlawful conduct.

50. Despite an individual's "harassment" allegations not matching the legal harassment definition allegations that public school officials are bound to "only" abide by, school officials prosecuted Mr. Smith pursuant to their enforced vague and overbroad rules that have and had no legal merit and they further lack a compelling state interest, a substantial state interest, or a rational basis as to their enforced vague and overboard rules. Thus to the date of to this complaint that has been filed in federal court, Mr. Smith's student record has not been cleared and still shows sanctions and disciplinary action being taken against him through and pursuant to school officials enforcing vague and overboard rules.

51. By and through the personal experience of Plaintiff Smith as a student at the Trinity River Campus of Tarrant County College District, officials with the college district did not like Mr. Smith's political views as if differed from their views and that officials with the public college district silenced individuals that they did not agree as to their political, spiritual and or beliefs.

52. For instance, Defendant Jerome Albritton, the head police supervisor at the Trinity River Campus, notified Mr. Smith that he could not burn or destroy any ISIS flag in anyway on or near the public college due to that offending the Muslim students and because that would destroy the diversity at the campus. Further he threaten to arrest Mr. Smith if he destroyed the ISIS flag in anyway on or near Tarrant County College District, and that any proposal would be denied by the officials that were responsible as for approving or disapproving student first amendment activities.

53. Plaintiff Smith wanted to gather students all at the Trinity River Campus on a public sidewalk in front of the school district, on a traditional public forum, a destroy the ISIS flag per freedom of speech, expression and association with other students. A copy of the traditional public forum that Mr. Smith wanted to do it on can be viewed in **Exhibit 14**.

54. Plaintiff Smith also wanted to engage in other freedom of speech activities as he was a student at Tarrant County College District, such as passing out literature, such as magazine to other students.

55. School officials told Mr. Smith that the only way he would be able to pass our literature to students in areas where students associate and gather is by getting a seal of approval as to passing out magazines in the hallways of the public college district. **See Exhibit 15** per a copy of the magazine Mr. Smith requested to pass out in which had to be approved by Defendant Mayra Olivares-Urueta, the Director of Student Development Services.

56. The student contracted workers with the public college district refused to answer Mr. Smith's questions when he asked them questions as to getting a seal of approval and further the acted as if they were not aware as to how students could apply to engage in freedom of speech, association and expressive activities at the campus when their office handles those types of issues. It is upon Mr. theory and belief that Mr. Smith was denied an equal opportunity as to engaging in freedom of speech, expressive and associational activities on campus due to his belief possibly offending others.

57. In trying to address the student workers acting unprofessional and depriving the Plaintiff as to his constitutional freedom of speech, association and expression rights on campus, the Plaintiff's made many verbal requests to aids of Defendant Mayra Olivares-Urueta. Plaintiff Isaiah Smith also send Defendant Mayra Olivares-Urueta an email in which to the date as to this complaint she has not responded to and was deliberately indifferent as to herself and her office refusing to allow Mr. Smith to pass out magazine to other students at the public college district.

58. Instead of responding as to Plaintiff Smith's request to engage in freedom of speech, expressive and associational activities, the Defendants used their police Department to intimidate and to harass the Plaintiff as from engaging in constitutionally protected activity that was seen as controversial and offensive.

59. Tarrant County College District and its officials lack and lacked a compelling state interest, a substantial state interest, or a rational basis for its disparate treatment to the Plaintiff and the Defendant's illegal censorship methods to the Plaintiff do not and did not meet any legitimate government objective.

60. To the date that this complaint has been filed in the United States District Court for the Northern District of Texas (Fort Worth Division), officials with Tarrant County College District have not responded as to Mr. Smith's request for permission as to him passing out magazines to individuals.

61. As a result as to the Defendant's deliberate indifference as to addressing any constitutional issues; the Plaintiff to this day will continue to cause Plaintiffs to suffer undue and actual hardship and irreparable injury. As a direct and proximate result of Defendants' continuing violations of Plaintiff's rights, the Plaintiff have suffered in the past, and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise his constitutional rights.

62. On December 15th, 2015 Plaintiff Smith sent Defendant Jerome Albritton an email as to him being told by Lieutenant Jerome Albritton that he could not engage in a first amendment activities on or near the campus and that officials would not approve of such a request by a student due it to being offensive and or controversial. **See Exhibit 16.**

63. In the Plaintiff's email to Mr. Jerome Albritton, the Plaintiff stated that he requested to have an informal resolution with him as to that issue. Mr. Smith also stated in his email correspondence to Mr. Albritton that the Defendant had told him that "the public school district would not approve" him to destory the ISIS flag and that destroying the ISIS flag would be destroying the diversity at the Trinity River Campus at Tarrant County College District. Further Mr. Smith stated in his written email correspondence with Defendant Albritton that Defendant Albritton told the Plaintiff that he had a meeting with Adrian

Rodriguez about the issue as to destroying the ISIS flag and that he will deny Mr. Smith the right as to destroying the ISIS flag. **See again Exhibit 16**.

64. To the date that this complaint has been filed in the United States District Court for the Northern District of Texas (Fort Worth Division), Defendant Jerome Albritton has not responded as to Mr. Smith's request for an information resolution or any grievances, complaints and any other requests that Mr. Smith has sent to him in writing on December 15th, 2015. The violation of the Plaintiff's right to free speech has caused, and will continue to cause the Plaintiff to suffer undue and actual hardship and irreparable injury.

65. As a direct and proximate result of Defendant Albritton's violation of Plaintiffs' rights and his deliberate indifference, the Plaintiff have suffered in the past, and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise his constitutional rights.

66. On December 20th, 2015, Plaintiff Isaiah Smith sent Defendant Jerome Albritton an email that included a letter attachment in it. **See Exhibit 17**. Specifically in Plaintiff Smith's email message to the Defendant, Plaintiff Smith state, "Please see my attached letter to you regarding my second and my last request for an informal resolution meeting with you regarding the complaints that I have."

67. To the date that this complaint has been filed in the United States District Court for the Northern District of Texas (Fort Worth Division), Defendant Jerome Albritton has not responded as to Mr. Smith's request for an information resolution or any grievances, complaints and any other requests that Mr. Smith has sent to him in writing on December 20th, 2015.

68. As a direct and proximate result of Defendant Albritton's violation of Plaintiffs' rights and his deliberate indifference, the Plaintiff have suffered in the past, and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise his constitutional rights.

ISAIAH SMITH v. TARRANT COUNTY COLLEGE DISTRICT ET AL

69. Later on that day, Plaintiff Isaiah Smith sent Defendant Jerome Albritton another email as to the same issue. While noting an error in the letter, Mr. Smith sent the Defendant an amended letter in which Plaintiff Smith stated in the email that at "the very bottom of the letter I have asked you to send me a response no later than on January 8th, 2015. I meant to say to please send me a written response to this email address by January 8th, 2016. **See Exhibit 18**.

70. To the date that this complaint has been filed in the United States District Court for the Northern District of Texas (Fort Worth Division), Defendant Jerome Albritton has not responded as to Mr. Smith's request for an informal resolution as to any grievances, complaints and any other requests that Mr. Smith has sent to him in writing on December 20th, 2015. The Plaintiff was trying to address with Defendant Albritton constitutional violations that needed to be addressed, however the defendant was deliberately indifferent as to Mr. Smith's request.

71. As a direct and proximate result of Defendant Albritton's violation of Plaintiffs' rights and his deliberate indifference, the Plaintiff have suffered in the past, and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise his constitutional rights.

72. When the Plaintiff verbally communicated with Defendant Jerome Albritton and had personal experiences with him and members of his police department and with other departments and offices at Tarrant County College District, the Plaintiff did not understand why the Defendants and why his public college district was denying him his freedom of speech, expression and associational rights as secured by the First and the 14th amendments of the Constitutions of the United States of America. The First and Fourteenth Amendments extend to campuses of state colleges and universities in which Tarrant County College District is. See Healy v. James, 408 U.S. at 180.

73. On December 2nd, 2015 Isaiah Smith sent Defendant Stephen Madison Campus President of the Trinity River Campus of Tarrant County College District, written correspondence by electronic mail due to the fact that the Plaintiff felt as if he was being treated like a special class in contrary to how other were being treated and that he was being treated different than how other individuals were being treated that had different political views than what he had. **See Exhibit 19**.

74. To the date as to this complaint has been filed in federal court, the Plaintiff never received any respond from Defendant Stephen Madison, the Campus President of the Trinity River Campus of Tarrant County College District. Further officials with Tarrant County College District were deliberately indifferent as to the Plaintiff's complaint when the Plaintiff brought up the complaints that he had as to unconstitutional activities that officials with the public college district were and had been engaging in and that he was not being treated equally as to other individuals.

75. By officials with Tarrant County College District being deliberately indifferent as to Plaintiff Smith's complaints, officials with the public college district made a clear statement that they did not care as to whether or not they were in violation of the law and that they would continue to refuse to correct their unconstitutional practices. Further by, through and pursuant to their deliberate indifference, Plaintiff Smith has suffered in the past, and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise his constitutional rights to have his constitutional rights protected and enforced.

76. Due to Mr. Smith's political personal views being different than their views, officials with Tarrant County College District sent their armed police officers after the Plaintiff as for intimidate and harassment purpose to deter the Plaintiff form engaging in freedom of speech, expression and associational activities that are and were protected by the Constitution of the Untied States of America.

ISAIAH SMITH v. TARRANT COUNTY COLLEGE DISTRICT ET AL

77. On December 15th, 2015 Plaintiff Isaiah Smith sent Lieutenant Jerome Albritton an email in regards to intimidation tactics that members of his office at the Trinity River Campus of Tarrant County College District were engaging in against the Plaintiff from attempting to properly engaging in constitutionally protected activities and for the Plaintiff attempting to apply for such approval under, through and pursuant to the directives of public college district officials of Tarrant County College District. **See Exhibit 20.**

78. On January 6th, 2016 Plaintiff Isaiah Smith sent a letter to Mr. Albritton that was in regards to him requesting an informal resolution conference. **See Exhibit 21.**Mr. Albritton refused to respond to Mr. Smith's request for a conference as was again deliberately indifferent as to the issue.

79. Mr. Albirtton refused to respond each and every time to Mr. Smith's requests for an informal conference despite the Plaintiff making an attempt to solve constitutional issues that needed to be addressed at the campus that he attended. Further, the defendant's actions made the Plaintiff feels as if Mr. Albritton was deliberately indifferent to his request, and further that Mr. Albritton's conduct was intentional, knowing, and that he had a reckless disregard to Plaintiff's constitutional rights. The Plaintiff tried to make reasonable arrangements to settle any issue with Defendant Albritton but each and every attempt came with rejection from officials with the public college district.

80. To the date that this complaint has been filed in the United States District Court for the Northern District of Texas (Fort Worth Division), officials with Tarrant County College District have not responded as to Mr. Smith's request for an information resolution of any grievances, complaints and any other requests that that the Plaintiff has sent to them in writing on December 15th, 2015.

81. As a direct and proximate result of Defendant Albritton's violation of Plaintiffs' rights and his deliberate indifference, the Plaintiff have suffered in the past, and will continue to

suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise his constitutional rights.

82. On December 11th, 2015 Plaintiff Smith still had a friendship relationship with Mr. Mark Evans, a professor of psychology, at the Trinity River Campus at Tarrant County College District.mr. Smith was not aware that Mr. Evans did not take responsibility as for allowing Mr. Smith to sleep on campus after school. However Mr. Mark Evans allowed the Plaintiff to store some of his belongings underneath his des for a long time. An employee, Ms. Jannet R. Ponder, of Tarrant County College District noticed it and made a written statement in support as to Mr. Smith's assertions. **See Exhibit 22**.

83. For some reason members of the Police Department of Tarrant County College District had an issue with it and started to verbally degrade him in front of other individuals at campus on December 11th, 2015. Mr. Smith stood his ground and told them that he had permission from Mr. Mark Evans and asked them to call him. A copy of the video can be seen in **Electronic Exhibit #2**. Mr. Smith was not failing to comply with the directive of the officers, however he was trying to make a point that he had been doing this for some time and that Mr. Mark Evans gave him permission for him to do so.

84. On December 13th, 2015 Plaintiff Isaiah Smith entered campus and was walking towards the library on campus. He noticed that Defendant Shamika Denson was following him so he decided to record the police officer because he was not sure why she was following him. A copy of Defendant Denson's video that was taken off of her body camera can be seen in **Electronic Exhibit #3**.

85. Later on that day and Mr. Smith was exiting the library, he noticed that it appeared that Defendant Denson was slaking him however he remained calm and cool. In the hallway Plaintiff Smith began to made out his cell phone after he noticed, an individual contracted by the public college district, was approaching him. Later on the Plaintiff found out that

the individuals was GCA Employee Mr. Aldridge, who was contracted by the public
college district. A copy of that can be seen in **Electronic Exhibit 24.**

86. On December 13th, 2015 when Defendant Shanika Denson made contact with the
Plaintiff, she was very rude and loud. Plaintiff Smith began to video record her.
Defendant Denson was already recording Plaintiff Smith openly from the time he was in
the library. **See Electronic Exhibit 24.**

87. On December 17th, 2015 Plaintiff Isaiah Smith was sitting in a student study room and
officials with the Police Department of Tarrant County College District made contact
with him and criminally trespassed him for violating the Student Code of Conduct of
Tarrant County College District. While this was occurring, Mr. Smith was shocked and
denied the allegations however was punished for being asserted to have violated the
Student Code of Conduct of Tarrant County College District. **See Exhibit 23.** For the
records, the criminal trespass was for two years per the laws per the laws of the State of
Texas.

88. The Plaintiff sent the Public Information Officer of Tarrant County College District an
"open records request" through the Texas Public Information Act as to obtaining a copy
of the police body camera video as to that day. **See Exhibit 24.**

89. Tarrant County College District officials destroyed the police body camera video of the
Plaintiff being criminally trespassed from the public campus in which was evidence, and
it is upon theory and belief that is was destroyed due to the fact that the defendants were
involved in an unconstitutional activity. On December 17th, 2015 during a talk with
police officials, Isaiah Smith raised that the criminal trespass that was issued against him
raised some serious due process issues and concerns. Mr. Isaiah Smith was notified that a
board hearing was not set up and the only way that he could challenge the punishment
that he received was by applying to challenge the punishment through a board hearing.

ISAIAH SMITH v. TARRANT COUNTY COLLEGE DISTRICT ET AL

90. When Plaintiff Smith left the campus he noticed that Ms. Kateeka Harris sent him an email that included a letter attachment as to him being "temporary" suspended from college campus. **See Exhibit 25**. The letter stated, "This letter is in regard to an incidents that took place on December 11, 2015 in which you are alleged to have entered into an instructors office and stored your personal belongings under the desk without permission then failed to comply with the directive of a College Official when asked to remove your belongings. Then on December 13, 2015 you are allegedly harassed and took unsolicited photos, and video with your cell phone of an individual who had previously reported you for misconduct. Because of the serious level of accusation you are being placed on Temporary Suspension effective immediately. Your status of temporary suspension shall remain in place until your conduct hearing is completed and a formal outcome can be determined." Further the letter also stated, "You are to contact Kateeka Harris, Coordinator of Student Support, Vice President of Student Development Services Office, at 817-515-1331 or kateeka.harris@tccd.edu to communicate your hearing option by January 4, 2016. Once you have selected a hearing format, the hearing will be scheduled with the appropriate parties. Kateeka Harris will also be able to assist you with any questions you may have about the student conduct process. If you fail to contact Kateeka Harris by this time a hearing format will be chosen for you and you will be notified of a hearing date and time."

91. The Plaintiff being suspended from campus for two years through the criminal tresspass was a long term suspension as a punishment for a non-violent charge, regardless of the public college district calling it a short term suspension. By Mr. Smith being punished without being disclosing or explained the evidence behind the charges made again him, not given an opportunity for Mr. Smith to contest the evidence that the public college district had prior to his punishment and denying Mr. Smith an opportunity to be heard in his own defense prior to him being "suspended" from school for two years is

unconstitutional and violated the minimal requirements set out by the United States Supreme Court in Goss v. Lopez (1975).

92. On paper Mr. Smith was given a short term suspension for in part engaging in a constitutional activity and not in regards to any asserted non-violent conduct. Further "temporary" suspensions are "only" allowed when a person poses an immediate danger to persons or to property. Plaintiff Smith did not qualify for either one of those and he was not accused of posing an immediate danger to persons or to property. Therefore the suspension that the public college district gave Mr. Smith, in which Mr. Smith to this day still has his liberty and property interests deprived of, is unconstitutional. See Goss v. Lopez (1975).

93. Per the criminal trespass that Mr. Smith received by and through officials with Tarrant County College District, the criminal trespass warning stated in Exhibit 23, "for the reasons that "incident took place on December 11th, 2015 in which you alleged to have entered into an instructor's office and stored your personal belongings under the desk without permission then failed to comply with the directive of a College Official when asked to remove your belongings. Then on December 13th, 2015 you allegedly harassed and took unsolicited photos, and video with your cell phone of an individual who had previously reported you for misconduct." Per the information as to why Mr. Smith was criminally trespassed from Tarrant County College District was and is extremely vague, overbroad. The term "misconduct" used by itself in Mr. Smith's criminal trespass was and is vague and overbroad.

94. Per the criminal trespass that public college district officials stated that Mr. Smith was harassing an individual, as for the educational context, harassment is conduct that is "so severe, pervasive, and objectively offensive, and that so undermines and detracts from the victims' educational experience, that the victim-students are effectively denied equal access to an institution's resources and opportunities." See Davis v. Monroe County

Board of Education, 526 U.S. 629, 652 (1999). Nevertheless, the Tarrant County College District did not meet that definition per the details on the criminal trespass warning, through the disciplinary charge or even when a person looks at the video that Defendant Denson took off of her body camera or when looking as to the witness statement that people took that day.

95. Mr. Raymond Aldridge, who approached Mr. Smith and Mr. Smith was about to record, never asked Mr. Smith to stop recording him per his own written statement and per the video that was taken from the police body camera.

96. Nevertheless, taking a picture of a person under the state law of Texas is perfectly legal due to the fact that the State of Texas is a one party consent State. Nevertheless Ms. and through Plaintiff Smith's experience, students regularly took pictures of others and of themselves while at the public college district. The State of Texas is a one party State and thus an individual does not need the consent of an individual to record that individual with or without their consent. Taking a picture of a person in an open space does not meet the legal definition as to harassment and the public college district prosecuted Mr. Smith under their own personal definition as to harassment. By punishing Mr. Smith for engaging in a lawful activity as a student of Tarrant County College District by treating hin differently than other students that take pictures, the Defendants have violated Mr. Smith substantive due process and equal protection rights as secured by the Constitution of the United States of America.

97. Mr. Isaiah Smith has both liberty and property interests at stake and the defendants violated those through their unconstitutional tactics.

98. As to the December 13th, 2015 incident, Defendant Shamika Denson wrote, edited and submitted her personal written statements and a police report against Mr. Smith that was a false police information report in which she wrote false and untrue information that

resulted in Mr. Smith being criminally trespassed from Tarrant County College District. A copy of her police report with her personal statement can be seen in **Exhibit 26**.

99. Defendant Shamika Denson's statement is different than what is shown on the video of her police body camera is in every way different from the written statement that Mr. Raymong Aldridge wrote. For instance, Defendant Denson wrote that **"**"Aldridge asked Smith, "What are you doing? I have not given you permission to take my picture." Smith ignored Aldrige's request not to photograph him, and continued to hold the cell phone in Alridge's face. I advised Smith to leave Alridge alone.**"** However Alridge wrote **"**Just got to work. Walk past the Library and homeless guy that has ben put out several times walked up to me and start taking my picture. I ask him what was he doing and he didn't say Nothing so I walked off to keep from having argument with him. He also the same guy I found in the print office of the 5th floor a few weeks ago after hours not a student or employee so I got the police.**"**

100. Defendant Denson's statement accused Plaintiff Smith of taking a picture of Alridge and Alridge asking Plaintiff Smith to stop and her telling Plaintiff Smith to leave Alridge alone. However here statement does not match Raymong Aldridge's statement and further Defendant Denson's statement does not match the details listed in the video that she took off of her police body camera. **See Electronic Exhibit 4** .

101. Defendant Shamika Denson intentionally and deliberately, under color of law, made a defamatory statement against Mr. Smith that was used in an official proceeding against the Plaintiff. Further the Plaintiff was "unconstitutionally" suspended for two years from the public college district as a result as to Defendant Denson's defamatory statement.

102. Plaintiff Isaiah Smith filed a complaint against Defendant Shamika Denson with the Tarrant County District Attorney's office. **See Exhibit 27**. The Plaintiff also filed a complaint against Defendant Denson with Tarrant County College District.

103.      Despite officials with Tarrant County College District knowing and having
evidence that Defendant Denson made defamatory statements against Mr. Smith that
resulted in him being suspended from the public college campus for two years, Plaintiff
Smith to this day is suffering and has suffered in the past the loss of liberty and property.

104.      When Mr. Smith was criminally trespassed from his public college district, he
through a written correspondence appealed the immediate suspension decision that
officials with the public college district made against him. Specifically Plaintiff Smith
sent Mr. Adrian Rodriguez a letter by electronic mail. **See Exhibit 28**. Plaintiff Smith
stated that, "You have taken direct action against me in which has made me feel as if I
am being punished. The criminal trespass suspension is a direct punishment that you have
taken against me due to accused charges that are listed in the criminal trespass warning.
You have not talked to me about charges that have been filed against me and you have
failed to notify me as to the evidence that has been brought against me. I have not talked
to or with any officials, administrators or representatives of Tarrant County College
District regarding all of the accused violations that I have been accused of committing in
a meeting or conference that are listed below in the criminal trespass suspension.
Officials, administrators and representatives have not attempted to set up a meeting or a
conference with me regarding the violations that I have accused of committing before the
criminal trespass suspension occurred." Plaintiff Smith also stated that he feels as if he
has been found guilty and that he has to prove his innocence and that he was being
charged with a non-violated offense and that thus his suspension is unconstitutional.

105.      Defendant Adrian Rodriguez responded to Mr. Smith appeal letter. **See Exhibit
29.** The Defendant refused to drop the Plaintiff's unconstitutional suspension.

106.      Shocked as officials of the public college district were breaking the law as to their
unconstitutional activities, Plaintiff Smith sent Campus President Stephen Madison a
written appeal request. **See Exhibit 30**. The Campus President of the Trinity River

ISAIAH SMITH v. TARRANT COUNTY COLLEGE DISTRICT ET AL

Campus did not respond to Plaintiff's appeal requests on any occasion and did not and to this day has not responded to Plaintiff Smith's correspondence. By the head of the Trinity River Campus being deliberately indifferent as to Plaintiff Smith's appeals, the Defendant violated Plaintiff Smith's due process rights and treated Plaintiff Smith differently than other students who according the TCCD policy had a right to appeal disciplinary decisions.

107.    On January 6th, 2016 Plaintiff Isaiah Smith sent Defendant Albritton a letter by electronic mail. **See Exhibit 31.**

108.    To the date that this complaint has been filed in the United States District Court for the Northern District of Texas (Fort Worth Division), Defendant Jerome Albritton has not responded as to Mr. Smith's request for an information resolution or any grievances, complaints and any other requests that Mr. Smith has sent to him in writing on January 6th, 2016.

109.    On January 8th, 2016 Defendant Kateeka Harris sent Mr. Smith a letter, at Mr. Smith's request, as to challenging his disciplinary suspension in which he was prevented as to coming onto campus for two years. The Plaintiff had to request a disciplinary hearing in order to challenge the sanctions that the Defendants had given to him without due process. **See Exhibit 32.**

110.    Specifically in the January 8th, 2016 letter, Ms. Harris stated, "This letter is to inform you that you have been accused of violating the Tarrant County College District Student Handbook policies. Specifically, the violations being brought against you are as follows: VII. STUDENT DISCIPLINE: 7. Behavior that interrupts or disrupts educational activities VI. STUDENT RIGHTS AND RESPONSIBILITIES: Discrimination, Harassment, Retaliation VII. STUDENT DISCIPLINE: 10. Repeated and deliberate failure to comply with directives of College officials, including police officers, in the performance of their duties." Further the letter also stated that, "At your request, a

board hearing has been scheduled on Tuesday, January 12, 2016, at 2:00 p.m., to address
the alleged violation(s). This hearing will be held in TRTR 4010C . Please bring any
evidence and/or witnesses for your case with you at this time."

111.    Plaintiff Isaiah Smith was found guilty by college officials as to violating the
student code of conduct book without having due process. Further Plaintiff Smith was
long term suspended for at least two years and was denied prior to his long term
suspension and was thus deprived of his liberty and his property interests without having
due process in which the Defendants actions and conduct was and is in direct violation of
the 14th Amendment of the United States Constitution.

112.    At the time that Mr. Smith was issued the suspension notice and the criminal
trespass, Mr. Smith was not given a disclosure or explanation of the evidence behind the
charges and was not given an opportunity to contest the evidence that the school had
prior to his punishment. As shown in Goss v. Lopez (1975), the United States Supreme
Court established minimal requirements in which the defendants violated, such as being
given an explanation of the evidence the authorities have and had and having an
opportunity to present his side of the story prior to his punishment.

113.    It was and is unconstitutional for the Defendants to punish Plaintiff Smith with a
long term suspension while not immediately setting up a disciplinary hearing. Officials
with the public college district told Mr. Smith that he had to personally request a
disciplinary hearing to fight the punishment that he had received. As shown in the Exhibit
23 document, Ms. Kateeka Harris stated, "At your request, a board hearing has been
scheduled on Tuesday, January 12, 2016, at 2:00 p.m., to address the alleged violation(s).
This hearing will be held in TRTR 4010C . Please bring any evidence and/or witnesses
for your case with you at this time."

114.    It was and it is unconstitutional for a public college district to give a person a
short term and or a long term suspension while not setting up a disciplinary board hearing

as for the student, and requiring the student to him set up a disciplinary board hearing as to proving his innocence as to fighting the charges.

115.     Ms. Kateeka Harris told the Plaintiff that he could appeal a disciplinary decision if he submitted written correspondence to the Campus President. Therefore on January 12th, 2016 Isaiah Smith sent Dr. Stephen Madison a a written appeal of his disciplinary decision.

116.     Dr. Stephen Madison ignored Isaiah Smith's appeal of his disciplinary decision and he and his office were deliberately indifferent as to his appeal of his disciplinary decision and violate the Plaintiff's due process rights. Dr. Stephen Madison and or members of his office have never responded to Mr. Smith's appeal and they acted under color of law with the intent as to depriving the Plaintiff as to his due process rights and the same rights that were offered to other students at the public college district campus.

117.     On May 16th, 2016 the suspension of Isaiah Smith from Tarrant County College District was over according to a document that he received from the decision of the disciplinary board in which the board ruled that he was only suspended from January 12th, 2016 through May 15th, 2016. **See Exhibit 33**. So on May 16th, 2016 Isaiah Smith went to the Trrinity River Campus of Tarrant County College District for the purpose as to (1) registering for classes, (2) checking for financial aid, (3) Checking in at the library in regards to the fines that he owed Tarrant County College District and et cetera.

118.     Despite the Plaintiff's attempts to go to school, police officials with Tarrant County College District stopped and detained Isaiah Smith in the hallway of the library at the Trinity River Campus of Tarrant County College District. **See Electronic Exhibits 4.**

119.     On May 16th, 2016 police officials with Tarrant County College District approached the Plaintiff and told him that he was not allowed to be anywhere on campus. The Plaintiff then notified the defendant the he was not under suspension anymore and showed the police official his evidence. **See Exhibit 33**.

120.    Despite the Plaintiff showing police officials with Tarrant County College District that his suspension was over, police official detained Isaiah Smith and ordered him to go to their officer for interrogation.

121.    Under detainment, the Plaintiff complied with the directives of the police officials that have been employed and commissioned by Tarrant County College District pursuant to the Texas Education Code § 51.203.

122.    Soon thereafter Mr. Isaiah Smith notified police officials that he wished to remain silent and that he did not wish to speak to him and that he wanted an attorney immediately. Despite the Plaintiff's requests which were recorded on the body cameras of police officials, Isaiah Smith was still interrogated by police officials at the Tarrant County College Police Department. A copy of the May 16th, 2016 video can be seen in **Electronic Exhibit 5.**

123.    Officials with Tarrant County College District explained to the Plaintiff that he was still criminally trespassed from all property of Tarrant County College District despite his suspension being over. Further officials told Mr. Smith that if he came back on their property that he would be arrested for criminal trespassing. This directive and threat made the Plaintiff speechless due to the fact that his suspension was over and there was no reason as to why he was still being suspended by Tarrant County College District.

124.    Isaiah Smith was criminally trespassed from Tarrant County College District and was suspended from school without having any type of trial or as to being notified as to the evidence that was and had been used against him. In the United States of America, all individuals have a right to be presumed innocent until proven guilty and the actions of officials with Tarrant County College District were intentional, knowing, or reckless disregard to Plaintiff's constitutional rights.

125.     Despite that, the suspension of Isaiah Smith was supposed to be over and the actions of officials with Tarrant County College District are clearly intentional, knowing, or reckless disregard to Plaintiff's constitutional rights.

126.     To this date of this Complaint, the Plaintiff is still criminally trespassed from Tarrant County College District and he has not been given a fair trial or even a trail that is in regards to the criminal trespass that was assigned to him.

127.     On July 27th, 2016 Mr. Smith sent Assistant District Attorney Ty Stimpson, Tarrant County District Attorney Office, an email that included a letter attachment. In the body of his email to the Assistant District Attorney, Mr. Isaiah Smith stated: "Please see the attached document. Since you have asked me questions as to the December 11th, 2015 incident at the Trinity River Campus of Tarrant County College District, I would like you and the investigator to review the attached document that corresponds as to that incident. Please carefully note the statement that Jannet R. Ponder has stated in writing. She has claimed that she has seen me stashing my item underneath an instructor's desk for the last couple of days (plural and not singular). However the criminal trespass warning in which officials with Tarrant County College District took and filed against me states that I stored my personal belongings under an instructor's desk without permission. However it seems that Ms. Jannet R. Ponder's statement does not even add up as to the details that Mr. Adrian Rodriguez listed in the criminal trespass warning that was given to me. My public college district has already found me guilty and I have to prove myself innocent. After I was criminally trespassed from my public college a disciplinary board hearing was not immediately set up for me. I was told my officials employed by "TCCD" that the only way that I could challenge the criminal trespass suspension was by myself contacting the coordinator of student support and requesting a disciplinary board hearing as to the violations that I have been asserted to have committed. Criminally trespassing a student from a public educational institution of

higher education without (1) giving the student a board hearing, (2) presenting the evidence that they have against the student to the student, (3) allowing the student to tell his/her side of the story violates the due process and constitutional rights as to students at public colleges. Not only that, the asserted violations that I was accused of committing were not major and were minor. I was not a threat to property or to an individual. I would like to set up another meeting with you that is in regards and pertaining to my same complaint. I have found new evidence that I would like you and the investigator to look at. I think that it would only be fair for you all to do so since you all had questions for me as to the December 11th, 2015 incident that is listed on the criminal trespass that was issued to me."

128.    A copy of the attachment that was included in the email to as Assistant District Attorneys with the Tarrant County District Attorney's office can be seen in **Exhibit 34**.

129.    On August 11th, 2016 Plaintiff Smith sent a written complaint to the Tarrant County District Attorney's Office as to officials with Tarrant County College District, acting under color of law, depriving him of the same rights at other individuals have a right to engage in. **See Exhibit 35**. This was one of several written complaint to the Tarrant County District Attorney's Office against officials with Tarrant County College District as to them not abiding by the Texas Public Information Act. A copy of the official complaint sent to the Tarrant County District Attorney's Office can be seen in Exhibits 36, and 37.Mr. Smith was not treated equally to other individuals when it came as to them engaging in the same activities.

130.    Plaintiff Smith feels as if the public college district and its officials have denied him the same rights that other individuals have and that they have treated him and are treating him different than how they would treat others.

131.    To this date as to the complaint has been filed, officials with Tarrant County College District have denied Mr. Smith access to the public college district and have

deprived and are continuing to deprive Mr. Smith as to the same rights that other individuals have as to liberty and property despite their unconstitutional practices and conduct.

## CAUSES OF ACTION

### COUNT I

**As-Applied Violation of Plaintiffs' Rights to Free Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983)**

**(All Defendants)**

132.    Plaintiff repeats and realleges each of the foregoing allegations in this Complaint;

133.    The First and Fourteenth Amendments extend to campuses of state colleges and universities in which Tarrant County College District is. See Healy v. James, 408 U.S. at 180.

134.    Isaiah Smith engaged and attempted to engage in constitutionally protected expression and speech at Tarrant County College District and was harassed, disciplined and intimidated for doing so by officials and agents with Tarrant County College District.

135.    Isaiah Smith's speech involved a matter to public concern insofar as he was concerned he was well within his rights to engage in protected speech.

136.    The government cannot discipline a person for attempting and seeking clarification as to police, rules and procedure as for engaging in freedom of speech activities.

137.    Defendants, acting under color of state law, and by policy and practice, have explicitly discriminated on the basis of viewpoint, and deprived the Plaintiff of his clearly established right to equal protection of the law secured by the First and Fourteenth Amendment to the Constitution of the United States of America.

138.    The Defendant's practices and actions violate the fundamental rights held by Mr. Smith, including his right to free speech.

139.     The Defendants lacks a compelling state interest, a substantial state interest, or a rational basis for its disparate treatment to the Plaintiff.

140.     The Defendants illegal censorship methods to the Plaintiff do not meet any legitimate government objective.

141.     Defendants' violation of Plaintiffs' right to free speech has caused, and will continue to cause Plaintiffs to suffer undue and actual hardship and irreparable injury. As a direct and proximate result of Defendants' continuing violations of Plaintiff's rights, the Plaintiff have suffered in the past, and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise their constitutional rights.

## County II

### Violation of Plaintiff's Civil Rights Pursuant to 42 United States Code §1983
### (EQUAL PROTECTION)

#### (All Defendants)

142.     Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

143.     The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution mandates that government shall not "deny to any person within its jurisdiction the equal protection of the laws."

144.     The Defendants knew or should have known that the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution mandates that government shall not "deny to any person within its jurisdiction the equal protection of the laws."

145.     The Defendants actions in failing to adhere to the Plaintiff's constitutional procedural and substantive due process rights placed Mr. Smith in a special class, to which he is treated differently than other similarly situated individuals or group because of the Plaintiff's political beliefs.

146.    The Defendants failure to adhere to Mr. Smith's constitutional procedural and or
substantive due process rights treated Mr. Smith differently than other similarly situated
individuals or groups.

147.    The Defendants also investigated frivolous complaints and complaints that lacked
legal merit however they did not investigate any of Mr. Smith's complaint's that he had.

148.    As a direct and proximate result of their actions, the Defendants, under the color
of law, deprived the Plaintiff of equal protection rights secured under the 14th
Amendment of the United States Constitution, by their utter disregard for the equal
application of law and procedure.

149.    As a direct and proximate result of the Defendants actions in violating the civil
rights of, Mr. Smith suffered damages, including but not limited to the chilling of his
constitutional rights, emotional damages, embarrassment, stress and/or mental anguish
and all other damages directly and or consequentially associated with the deprivation of
one's civil rights.

150.    By subjecting Plaintiff to numerous, intrusive, and harassing investigations,
asking him to terminate his First Amendment activities, Defendants by policy and
practice have treated the Plaintiff very differently than similarly-situated students and
deprived Plaintiff of his ability to freely express his ideas, views and communicate and
talk with students at Tarrant County College District.

151.    Defendants, acting under color of state law, and by policy and practice, have
explicitly discriminated on the basis of viewpoint, and deprived the Plaintiff of his clearly
established right to equal protection of the law secured by the Fourteenth Amendment to
the Constitution of the United States of America.

152.    The Defendants lack a compelling state interest, a substantial state interest, or a
rational basis for its disparate treatment to the Plaintiff.

153.     The Defendants illegal censorship methods to the Plaintiff do not meet any

legitimate government objective.

154.     Defendants' violation of Plaintiffs' right to equal protection has caused, and will

continue to cause Plaintiffs to suffer undue and actual hardship and irreparable injury. As

a direct and proximate result of Defendants' continuing violations of Plaintiffs' rights,

Plaintiffs have suffered in the past, and will continue to suffer in the future, direct and

consequential damages, including but not limited to, the loss of the ability to exercise

their constitutional rights.

## County III

### As-Applied Violation of Plaintiff's Right to Free Speech Under the First and Fourteenth Amendments (42 U.S.C. § 1983) – Retaliation

### (All Defendants)

1.  Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

2.  Defendants, acting under the color of state law, have violated plaintiffs' First Amendment

rights. They have infringed, interfered with and/or deprived plaintiffs of these

constitutional rights

3.  Defendants' violation of Plaintiffs' right to equal protection has caused, and will continue

to cause Plaintiffs to suffer undue and actual hardship and irreparable injury. Plaintiffs

have no adequate remedy at law to correct the continuing deprivations of its most

cherished constitutional liberties. As a direct and proximate result of Defendants'

continuing violations of Plaintiffs' rights, Plaintiffs have suffered in the past, and will

continue to suffer in the future, direct and consequential damages, including but not

limited to, the loss of the ability to exercise their constitutional rights.

4.  Plainitff repeats and realleges each of the foregoing allegations in this Complaint.

5.  Plaintiff's activities at Tarrant County College District, such as destroying the ISIS flag

with other students on a traditional public forum, passing out literature, filing and taking

pictures, and engaging in conversations with other individuals, were speech acts protected from infringement by the Constitution of the United States of America.

6. Defendants' actions to deter Plaintiff from engaging in free expression, including attempting to intimidate Plaintiff to not file the instant lawsuit, were a reaction to Plaintiff's exercise of her First Amendment freedoms and violate the First and Fourteenth Amendments.

7. By attempting to silence Plaintiff from filing a lawsuit and a written grievance against school officials violating his rights, Defendant Evans violated a clearly established constitutional right of which all reasonable college administrators, faculty, and staff should have known, rendering him liable to Plaintiff under 42 U.S.C. § 1983.

**COUNT IV**

**As-Applied Deprivation of Plaintiff's Procedural and Substantive Due Process**

**(42 U.S.C. § 1983)**

**(All Defendants)**

1. Plaintiff repeats and realleges each of the foregoing allegations in this Complaint

2. The Fourteenth Amendment to the United States Constitution provides that no person shall be deprived of life, liberty or property without due process of law.

3. The Plaintiff was and is a student at Tarrant County College District. He had property interest in his continued education that the campus, and therefore should have been afforded constitutional due process before he has suspended and criminally trespassed from the public college district for multiple years.

4. The Plaintiff was denied an explanation of the Defendants' evidence until after he was found guilty as to violating TCCD's policy, or having a meaningful opportunity to be heard in his own defense within a reasonable time. *Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 546 (1985); Levitt v. University of Texas, 759 F.2d 1224, 1227-28 (5th Cir. 1985).*

5. The Plaintiff was not given a disclosure or explanation of the evidence behind the charges and was not given an opportunity to contest the evidence that the school had prior to his punishment. As shown in Goss v. Lopez (1975), the United States Supreme Court established minimal requirements in which the defendants violated, such as being given an explanation of the evidence the authorities have and had and having an opportunity to present his side of the story prior to his punishment.

6. The defendants denied the Plaintiff procedural due process. Mr. Smith from Tarrant County College District, the defendants deprived the Plaintiff of his procedural due process rights.

7. Mr. Smith experiences a deprivation of his procedural due process interest through the actions of the Defendants, the procedures employed by the Defendants to Plaintiff Smith were constitutionally inadequate. See Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 145 (4th Cir. 2009) (quoting Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988)).

8. The Plaintiff had substantive due process rights that were violated by the defendants through the use and the enforcement of the Defendant's vague and overboard rules that to this day the Plaintiff still suffers from.

9. Tarrant County College District and its offices used unfettered discretion whether to allow expression and under what conditions, and that are vague, overbroad, and not narrowly tailored to serve a substantial government interest in which the Plaintiff to this day suffers from.

## COUNT V

### DEFEMATION, LIBEL, SLANDER

#### (All Defendants)

1. Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

2. Tarrant County College District and it's officials have aided and abetted Shamika Denson in defaming the Plaintiff, allowing Defendant Denson's statement concerning the actions and conduct of the Plaintiff to be used against him at his disciplinary board hearing in which he was punished for.

3. The Defendants Defamatory conduct was done with negligent, reckless, and/or intentional disregard as to their falsity.

4. The Defendant's conduct has harmed the Plaintiff's reputation at the public educational institution of higher education.

5. As a direct, proximate, and foreseeable consequence of the Defendant's conduct as listed in this complaint, the Plaintiff's academic and career prospects, earning potential, and reputation have been severely harmed. He has sustained significant damages, including but not limited to, damages to reputation, damages to physical well-being, emotional and psychological damages, past and future economic losses, loss of educational and professional opportunities, loss of future career prospects, and other direct and consequential damages.

## COUNT VI

**(Section 27 of the Texas State Constitution Rights of Assembly; Petition for Redress of Grievances)**

**(Defendants Stephen Madison and Jerome Albritton)**

1. Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

2. Plaintiff Smith made many complaints to school officials to their unconstitutional conduct and actions that was and was depriving Plainitff Smith of his constitutional rights as protected under the law.

3. The Defendants shows deliberate indifference as to him presenting grievance and properly responded to grievances that he had.

4.  As a direct and proximate result of Defendants' continuing and past violations of Plaintiffs' rights, the Plaintiff have suffered in the past, and will continue to suffer in the future, direct and consequential damages, including but not limited to, the loss of the ability to exercise his constitutional rights due to the Defendants Deliberate Indifference.

## COUNT VII

### (Negligence)

### (All Defendants)

1.  Plaintiff repeats and realleges each of the foregoing allegations in this Complaint.

2.  Tarrant County College District owes duties of care to Plaintiff Isaiah Smith. SHuch duties include, without limitation, a duty of reasonable care in investigating and adjudicating charges against him.

3.  Tarrant County College DIstrict breached its duties of care owed to Plaintiff Isaiah Smith.

4.  As a direct, proximate, and foreseeable consequence of the aforementioned conduct and actions of the Defendant, the Plaintiff's academic and career prospects, earning potential, and reputation have been severely harmed. He has sustained significant damages, including but not limited to, damages to physical well-being, emotional and psychological damages, damages to reputation, past and future economic losses, loss of educational and professional opportunities, loss of future career prospects, and other direct and consequential damages.

### Prayer for relief

Wherefore, the Plaintiff respectfully requests that the Court enter judgment against the Defendant and provide the Plaintiff in this cause of action with the following relief:

1.  A declaration stating that the Defendants violated the Plaintiff's right to free speech and expression as secured by the United States Constitution;

2. A declaration stating that the Defendant's violated the Plaintiff's right to equal protection under the law;

3. A declaration stating that the Defendant's violated the Plaintiff's right to due process as afforded and secured by the laws of the United States of America;

4. An order that strikes down the criminal trespass and all suspension and disciplinary sanctions and orders that was given to the Plaintiff by and or through the Defendants;

5. An award from Tarrant County College District to the Plaintiff in the amount no less than two million dollars to compensate the Plaintiff for the impact of an unconstitutional deprivation of his liberty, property interests, equal protection, and his due process rights as protected by the Constitution of the United States of America;

6. An award of no less than two million dollars from Tarrant County College District to the Plaintiff for Defendant Shamika Denson's defamatory statements made against him.

7. Reinstatement of his position as a student at Tarrant County College District;

8. Reimbursement of tuition;

9. That the Court strike down the Plaintiff's suspension records and any other disciplinary record and all disciplinary punishment and orders that he has received at Tarrant County College District from, by and or through the Defendants;

10. That the Court issue an order striking down the Plaintiff's criminal trespass warning/order and that a restraining order be given to the defendants to prevent them from engaging in the same unconstitutional conduct as listed in this complaint;

11. An award of nominal damages from all of the Defendants to the Plaintiff;

12. An award of punitive damages to Plaintiff from Eugene Giovannini, in his individual capacity for his intentional, knowing, or reckless disregard to Plaintiff's constitutional rights;

13. An award of punitive damages to Plaintiff from Angela Robinson, in her individual capacity for her intentional, knowing, or reckless disregard of Plaintiff's constitutional rights;

14. An award of punitive damages to Plaintiff from Stephen Madison, in his individual capacity for his intentional, knowing, or reckless disregard to Plaintiff's constitutional rights;

15. An award of punitive damages to Plaintiff from Keith Whetstone, in his individual capacity for his intentional, knowing, or reckless disregard to Plaintiff's constitutional rights;

16. An award of punitive damages to Plaintiff from Adrian Rodriguez, in his individual capacity for his intentional, knowing, or reckless disregard to Plaintiff's constitutional rights;

17. An award of punitive damages to Plaintiff from Kateeka Harris, in her individual capacity for her intentional, knowing, or reckless disregard to Plaintiff's constitutional rights;

18. An award of punitive damages to Plaintiff from Mayra Olivares-Urueta, in her individual capacity for her intentional, knowing, or reckless disregard to Plaintiff's constitutional rights;

19. An award of punitive damages to Plaintiff from Jerome Albritton, in his individual capacity for his intentional, knowing, or reckless disregard to Plaintiff's constitutional rights;

20. An award of punitive damages to Plaintiff from Shamika Denson, in her individual capacity for her intentional, knowing, or reckless disregard to Plaintiff's constitutional rights;

21. An award of Plaintiff's attorneys' fees, expenses, and costs reasonably incurred in prosecuting this action pursuant to 42 U.S.C. § 1988(b);

22. That the court grant the Plaintiff an attorney as to prosecuting and amending this federal suit;

23. That the court grant allow the Plaintiff to file an amended pleading as to this federal suit;

24. Expert witness fees and other witness fees;

25. An award to Plaintiff of any other relief as this Court deems just and proper.

26. A Jury trial.

Respectfully submitted this 7th day of September of 2016,

ISAIAH SMITH, Pro Se
P.O Box #163411
Fort Worth, Texas, 76161
iscampaign@usa.com
929-324-1161



**EXHIBIT**
**1**

# m̲ail.com

## RE: Isaiah Smith v. Tarrant County College District

| | |
|---|---|
| **From:** | "ROBINSON, ANGELA" <ANGELA.ROBINSON@tccd.edu> |
| **To:** | "Isaiah Smith Campaign " <iscampaign@usa.com> |
| **Cc:** | applemau <applelou@msn.com>, "WHETSTONE, KEITH" <KEITH.WHETSTONE@tccd.edu> |
| **Date:** | Jul 31, 2016 1:25:47 PM |

As General Counsel, I accept service for the College.

Angela Robinson, Acting Chancellor

Tarrant County College District | Office: MOC 2201C

1500 Houston Street | Fort Worth, TX 76102

817-515-5242

angela.robinson@tccd.edu | www.tccd.edu

Summer hours: 7:30 am – 6:00 pm, Monday - Thursday

**From:** Isaiah Smith Campaign [mailto:iscampaign@usa.com]
**Sent:** Friday, July 29, 2016 4:35 PM
**To:** ROBINSON, ANGELA <ANGELA.ROBINSON@tccd.edu>
**Cc:** appleman <applelou@msn.com>
**Subject:** Re: Isaiah Smith v. Tarrant County College District

July 29th, 2016

Ms. Robinson and Ms. Appleman,

As for the purpose as to serving the defendants, can you please give me the contact details as to the contact details as to the law-firm that Tarrant County College District will hire? I am trying to work on the best person that I can have the complaint served to when the time comes.

EXHIBIT

1

Have an awesome weekend!

Respectfully,

Isaiah X. Smith


Isaiah Smith Campaign
P.O Box 163411
Fort Worth, Texas, 76161
http://www.isaiahxsmith.com/

**ʍɑil.com**



---

# Fw: Re: Ms. Crenshaw

| | |
|---|---|
| **From:** | "Isaiah Smith Campaign " <iscampaign@usa.com> |
| **To:** | "Ty Stimpson" <tdstimpson@tarrantcountytx.gov> |
| **Date:** | Jul 25, 2016 1:57:49 PM |

---

July 25th, 2016

Mr. Stimpson,

It was a pleasure meeting you and the investigator today. Regarding the lady that introduced me to Mr. Mark Evans, the individuals name was Ms. Patricia Yasmin Crenshaw. Here email address appears to be crenshaw1222@yahoo.com. If you would like to talk to her, you are free to do so and you can verify my allegations that she introduced me to Mr. Mark Evans. Also looking her up, it appears that she lives at: 3245 Donnelly Cir., Fort Worth, Texas, 76107. Just an FYI for your records.

Respectfully,
Isaiah X. Smith

Isaiah Smith Campaign
P.O Box 163411
Fort Worth, Texas, 76161
http://www.isaiahxsmith.com/

---

**Sent:** Friday, December 11, 2015 at 3:42 AM
**From:** "Isaiah Smith Campaign " <iscampaign@usa.com>
**To:** crenshaw1222@yahoo.com
**Subject:** Re: Ms. Crenshaw

December 10th, 2015

Hey Ms. Crenshaw,

I am sending you this email to say hi. Take a look at my letter to President Barack Obama. I cannot wait to hear a response from them. :) My number is at: 512-427-7603. Feel free to call me anytime.

Respectfully,
Isaiah X. Smith

Isaiah Smith Campaign
P.O Box 163411
Fort Worth, Texas, 76161
http://www.isaiahxsmith.com/

---

**Attachments**

- LFG-2015-WH-0016.pdf



EXHIBIT
3

## Stop by

| | |
|---|---|
| **From:** | "Mark Evans" <mevans4710@yahoo.com> |
| **To:** | "Isaiah Smith Campaign" <iscampaign@usa.com> |
| **Date:** | Nov 20, 2015 9:32:55 AM |

Hey Isaiah,

Come by the office before noon today. Ask for Mrs. Ernie, she has an envelope for you.



Thanks

M.E. Evans
Tough times never
last tough people do





# Re: Stop by

| | |
|---|---|
| **From:** | "Isaiah Smith Campaign " <iscampaign@usa.com> |
| **To:** | "Mark Evans" <mevans4710@yahoo.com> |
| **Date:** | Nov 20, 2015 9:46:58 PM |

November 20th, 2015

Mr. Evans,

I do not have one tonight. I am still at the school. TCCD closes at 10:00 p.m. I would like the discuss ach with you tomorrow because of something. :)

Respectfully,
Isaiah X. Smith

Isaiah Smith Campaign
P.O Box 163411
Fort Worth, Texas, 76161
http://www.isaiahxsmith.com/

**Sent:** Friday, November 20, 2015 at 6:30 PM
**From:** "Mark Evans" <mevans4710@yahoo.com>
**To:** "Isaiah Smith Campaign" <iscampaign@usa.com>
**Subject:** Re: Stop by

Are you ok? I think we have some things set up. Please goto this sight and put in your information. http://www.achservices.org/#

Write me back if you do not have a place tonight.

Sent from Yahoo Mail on Android

**From:**"Isaiah Smith Campaign" <iscampaign@usa.com>
**Date:**Fri, Nov 20, 2015 at 2:28 PM
**Subject:**Re: Stop by

November 20th, 2015

Mr. Evans,

Thank you for your message. I received it this morning. I made sure that I have followed your instructions on getting the envelope. :)

Respectfully,
Isaiah X. Smith

Isaiah Smith Campaign
P.O Box 163411
Fort Worth, Texas, 76161
http://www.isaiahxsmith.com/
Facebook.com Fan Page: https://www.facebook.com/isaiahsmithcampaign



EXHIBIT
5

# ⋒ail.com

---

## Re: Stop by

**From:**   "Isaiah Smith Campaign " <iscampaign@usa.com>
**To:**      "Mark Evans" <mevans4710@yahoo.com>
**Date:**    Nov 20, 2015 9:46:58 PM

---

November 20th, 2015

Mr. Evans,

I do not have one tonight. I am still at the school. TCCD closes at 10:00 p.m. I would like the discuss ach with you tomorrow because of something. :)

Respectfully,
Isaiah X. Smith

Isaiah Smith Campaign
P.O Box 163411
Fort Worth, Texas, 76161
http://www.isaiahxsmith.com/

> **Sent:** Friday, November 20, 2015 at 6:30 PM
> **From:** "Mark Evans" <mevans4710@yahoo.com>
> **To:** "Isaiah Smith Campaign" <iscampaign@usa.com>
> **Subject:** Re: Stop by
>
> Are you ok? I think we have some things set up. Please goto this sight and put in your information.
> http://www.achservices.org/#
>
> Write me back if you do not have a place tonight.
>
> Sent from Yahoo Mail on Android
>
> ---
>
> From:"Isaiah Smith Campaign" <iscampaign@usa.com>
> Date:Fri, Nov 20, 2015 at 2:28 PM
> Subject:Re: Stop by
>
> November 20th, 2015
>
> Mr. Evans,
>
> Thank you for your message. I received it this morning. I made sure that I have followed your instructions on getting the envelope. :)
>
> Respectfully,
> Isaiah X. Smith
>
> Isaiah Smith Campaign
> P.O Box 163411
> Fort Worth, Texas, 76161
> http://www.isaiahxsmith.com/
> Facebook.com Fan Page: https://www.facebook.com/isaiahsmithcampaign



# **m**ɑil.com

---

## Re: Stop by

**From:**   "Isaiah Smith Campaign " <iscampaign@usa.com>
**To:**   "Mark Evans" <mevans4710@yahoo.com>
**Date:**   Nov 20, 2015 9:52:14 PM

---

November 20th, 2015

Mr. Evans,

and just to let you know, I am on the 5th floor of the TCCD building in the study rooms. :) I tried to call you on the school phone a couple of minutes ago.

Respectfully,
Isaiah X. Smith

Isaiah Smith Campaign
P.O Box 163411
Fort Worth, Texas, 76161
http://www.isaiahxsmith.com/

> **Sent:** Friday, November 20, 2015 at 6:30 PM
> **From:** "Mark Evans" <mevans4710@yahoo.com>
> **To:** "Isaiah Smith Campaign" <iscampaign@usa.com>
> **Subject:** Re: Stop by
>
> Are you ok? I think we have some things set up. Please goto this sight and put in your information.
> http://www.achservices.org/#
>
> Write me back if you do not have a place tonight.
>
> Sent from Yahoo Mail on Android
>
> ---
> From:"Isaiah Smith Campaign" <iscampaign@usa.com>
> Date:Fri, Nov 20, 2015 at 2:28 PM
> Subject:Re: Stop by
>
> November 20th, 2015
>
> Mr. Evans,
>
> Thank you for your message. I received it this morning. I made sure that I have followed your instructions on getting the envelope. :)
>
> Respectfully,
> Isaiah X. Smith
>
> Isaiah Smith Campaign
> P.O Box 163411
> Fort Worth, Texas, 76161
> http://www.isaiahxsmith.com/
> Facebook.com Fan Page: https://www.facebook.com/isaiahsmithcampaign